10-4558 (L)
Cyr v. E.I. Du Pont De Nemours & Co.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 31st day of May, two thousand twelve.

Present:
> PETER W. HALL,
> SUSAN L. CARNEY,
> > *Circuit Judges*,
> RICHARD M. BERMAN,[1]
> > *District Judge*.

———————————————————————————————

Sandra Cyr, obo all other persons similarly situated,
John Quarles, obo all other persons similarly situated,

> *Plaintiffs - Appellants*,

> v.

E.I. Du Pont De Nemours & Co.,
Du Pont Pension And Retirement Plan,

> *Defendants - Appellees*.

———————————————————————————————

No.    10-4558 (L),
        10-4560 (Con)

———

[1] Judge Richard M. Berman, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANTS:    Sandra Cyr, *pro se*, Trumbull, Connecticut.
John Quarles, *pro se*, Bridgeport, Connecticut.

FOR APPELLEES:    Lissa Jan Paris, Esq., Genea O. Bell, Esq.,
Murtha Cullina LLP, Hartford, Connecticut.

_____

Appeal from a judgment of the United States District Court for the District of Connecticut (Arterton, *J*.).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be AFFIRMED.

Plaintiffs, *pro se*, appeal from the district court's judgment granting Defendants' Rule 12(b)(6) motion to dismiss their action brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1109, 1132(a)(1)(B) and 1132(c).  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, and we discuss these only where necessary to explain our decision.

We review *de novo* a district court's grant of a Rule 12(b)(6) motion to dismiss, "accepting all factual claims in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010).  To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 697 (2009).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

2

liable for the misconduct alleged." *Id.* Having conducted an independent and *de novo* review of the record, we affirm the district court's judgment for substantially the same reasons stated by the district court in its well-reasoned and thorough order.

To the extent that Plaintiffs seek to revive any equitable estoppel claim or any claim brought under 29 U.S.C. § 1132(c) that their complaint might have been construed as raising, their attorney voluntarily withdrew those claims before the district court, and Plaintiffs cannot now challenge his decision to do so. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962) ("[E]ach party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." (internal quotation marks omitted)).

We have considered all of Plaintiffs' arguments and find them to be without merit. Accordingly, it is hereby ORDERED that the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3